# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30540

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2025

Lyle W. Cayce
Clerk

Robert Lee Boudreaux,

*Plaintiff*,

*versus*

Axiall Corporation, *formerly known as* Georgia Gulf Corporation; Eagle US 2, L.L.C.; Axiall, L.L.C., *formerly known as* Georgia Gulf Lake Charles, L.L.C.,

*Defendant—Appellee*,

*versus*

Yellow Rock, L.L.C.,

*Movant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-956

———————————————————————

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30540

More than a year after this case was settled and dismissed with prejudice, nonparty Yellow Rock, LLC, appeared and filed a motion to unseal records and a motion to intervene under Federal Rule of Civil Procedure 24. The district court held that Yellow Rock had to formally intervene under Rule 24 before its unsealing motion could be addressed; denied the motion to intervene, in part due to lack of standing; and struck the unsealing motion from the record.

We hold that the district court did not abuse its discretion in denying the motion to intervene for lack of standing; accordingly, we do not have to address whether the records were improperly sealed. We modify the striking of the unsealing motion from the record by leaving it on the record.

The underlying case involved a dispute among various parties, including a company now known as Westlake. During the summary judgment phase of the case, some documents were sought to be filed under seal by agreement of the parties. The district court granted the sealing requests. Eventually, the parties settled the case, resulting in closure in December of 2022.

In March 2024, Yellow Rock appeared and moved the district court to "unseal all portions of the record which have been sealed." Yellow Rock described itself as a litigant against Westlake in Louisiana state court in a case involving "similar issues with respect to . . . sealed documents quoted and cited in the Court's May 4, 2022 [partial summary judgment] opinion." Westlake opposed the motion and argued, inter alia, that Yellow Rock "ha[d] not sought to intervene and thus ha[d] no standing to file a motion in this closed action." Yellow Rock then filed a motion to intervene under Rule 24(b), which governs permissive intervention.

The assigned magistrate judge issued a report and recommendation concluding that Yellow Rock's motion to intervene should be denied and that

2

its motion to unseal should be stricken. After Yellow Rock filed objections to the report and recommendation, the district court issued a judgment overruling the objections, denying the motion to intervene, and ordering that Yellow Rock's motion to unseal be stricken from the record as improvidently filed. Yellow Rock timely appealed.

The only litigants involved in this appeal are Yellow Rock and Westlake. Yellow Rock raises issues falling into three categories: (1) whether the district court erred in placing certain documents under seal, (2) whether the district court erred in denying its motion to intervene, and (3) whether the district court erred in striking from the record its motion to unseal the documents.[1]

We conclude that Yellow Rock lacks standing. Two cases are particularly relevant to our inquiry: *Deus v. Allstate Insurance Co.*, 15 F.3d 506 (5th Cir. 1994), and *United States ex rel. Hernandez v. Team Finance, LLC*, 80 F.4th 571 (5th Cir. 2023). In the earlier case, *Deus*, the district court sealed records and closed trial proceedings to all but the litigants. 15 F.3d at 525. Randy J. Lane and the National Neighborhood Office Agents' Club moved to intervene and asked the court to unseal the record, and the district court denied the motion. *Id.* We affirmed, holding that the movants' "desire to intervene" was "not a justiciable controversy or claim, absent some underlying right creating standing for the movants." *Id.* Further, we observed that (1) "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means," (2) Lane was "already participating in a lawsuit against [the

_____

[1] Since the district court rejected Yellow Rock's objections to the magistrate judge's report and recommendation and since the district court followed the magistrate judge's recommendations, we use the term "district court" to refer to the district and magistrate judges collectively.

defendant] in federal court in Nevada," and (3) Lane "c[ould] protect any interest he ha[d] in these materials by filing a discovery request in that case." *Id.* at 526.

*Hernandez* involved allegations under the False Claims Act of "routine[] bill[ing] for nonexistent doctor examinations and critical care services." 80 F.4th at 574. After the parties settled the case, a health care economist, Loren Adler, moved to permissively intervene under Rule 24(b) "for the limited purpose of unsealing records." *Id.* at 575. Adler submitted a declaration stating that the sealed records were "highly likely to be of public interest because the cost of medical care in the United States is of high public interest." *Id.* at 576–77. The district court denied the motion for, among other things, lack of standing, and Adler appealed. *Id.* at 575.

We held that Adler had standing. *Id.* at 577. We noted that Adler had invoked "the public's right to access court documents" and that in *Deus*, by contrast, Lane "sought to intervene solely for [his] own private benefit in separate litigation." *Id.* at 576. Further, we observed that Adler "allege[d] an individualized harm from 'being deprived of information that he [wa]s uniquely well-qualified to study and publicize in his academic work, and which information he c[ould] get nowhere else.'" *Id.* at 577.

We think this case is more like *Deus* than *Hernandez*. Although Yellow Rock claims to be invoking the public interest here, its motion to unseal makes clear that it seeks the sealed records for potential use in its state-court litigation against Westlake. Under both *Deus* and *Hernandez*, movants in that posture lack standing to intervene. *See Deus*, 15 F.3d at 526; *Hernandez*, 80 F.4th at 576.[2] Absent an allegation of an "individualized harm" in

_____

[2] After the magistrate judge recommended that the district court deny Yellow Rock's motion to intervene, Yellow Rock submitted additional materials and arguments regarding the public interest in the sealed documents. We decline to consider these

connection with the public right to access judicial records, Yellow Rock's perfunctory invocation of the public interest is insufficient to create standing under these circumstances. *Hernandez*, 80 F.4th at 577.

Because Yellow Rock lacks standing, we hold that the district court's denial of Yellow Rock's motion to intervene was not an abuse of discretion. *See id.* at 575–76. Accordingly, we do not reach Yellow Rock's arguments regarding whether documents were improperly sealed. *See Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021).[3]

However, although Yellow Rock lacks standing, there was no basis for the district court to strike the motion, so that part of the judgment will be modified.

Accordingly, we MODIFY the judgment of the district court to delete the sentence striking Yellow Rock's unsealing motion from the public record. Further, because the district court did not abuse its discretion in denying Yellow Rock's motion to intervene, we DISMISS the remainder of this appeal for lack of jurisdiction. *See Rotstain*, 986 F.3d at 942.

---

additional materials, which were not submitted to the magistrate judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

[3] To the extent that Yellow Rock argues that formal Rule 24 intervention is not required and that it can thus, even without standing, seek to unseal records in a closed civil case, we reject that argument. Where there is no live controversy due to a case's settlement and dismissal, we are powerless to address a nonparty's unsealing motion if the nonparty lacks standing. The source of the standing requirement is Article III, not Rule 24. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."); *Hernandez*, 80 F.4th at 576 (stating in Rule 24(b) context that standing is "a matter of subject matter jurisdiction").